the court under the act under consideration, but it also further provides that if "it appears to the best interest of the parties that such compensation be so paid, the board shall order the commutation of the compensation to an equivalent lump sum, which commutation shall be an amount which will equal the total sum of the probable future payments capitalized at their present value, upon the basis of interest, calculated at three per centum per annum with annual rests."

This provision of the new law would seem to afford a reasonable rule for ascertaining the value of compensation to be paid in a lump sum, which might be properly applied in determining the amount due under similar circumstances by the terms of the old law.

The judgment order in this case will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

---

### Jesse R. Smith, Appellee, v. C. W. Stilley, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Franklin county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

### Statement of the Case.

Action by Jesse R. Smith against C. W. Stilley in assumpsit to recover $221.40 which plaintiff claims defendant agreed to pay him to reimburse him for money he had paid out in perfecting the title to certain lands. The jury returned a verdict against defendant for $110.70, just one-half the amount sued for, and the court entered judgment for that amount. To reverse the judgment, defendant appeals.

Appellant urges as ground for reversal: (1) That the verdict was not sustained by the proofs; and (2) that the amount fixed by the jury shows that the verdict was a compromise for which there was no foundation in the facts.

Hart & Williams, R. E. Hickman, Thomas J. Layman, and Moses Pulverman, for appellant.

Mooneyham & Seeber, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

### Abstract of the Decision.

1. Contracts, § 385*—*when evidence sufficient to prove agreement.* In an action in assumpsit to recover a sum which plaintiff claimed the defendant agreed to pay him to reimburse him for money expended in perfecting title to certain lands, where the defense was that no such promise was made, a verdict for plaintiff *held* sustained by the evidence.

2. Appeal and error, § 1258*—*right to complain of amount of verdict.* A defendant cannot be heard to object to a verdict because the amount allowed the plaintiff was less than the evidence showed was due him; plaintiff alone in such case is entitled to complain of the smallness of the verdict.

---

### B. E. Buckley, trading as Colonial Mercantile Agency, Appellee, v. R. H. Robertson, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. Thomas M. Jett, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.